JAN 30 2006 10:02 FROM
01/30/2006 12:59    7404673044         WALNUT TWP SCHOOLS                                PAGE 04/11
RECEIVED
1-30-06 - 9:45 AM

IN THE COURT OF COMMON PLEAS, FAIRFIELD COUNTY, OHIO

| | |
|---|---|
| DANIEL DIYANNI,<br>INDIVIDUALLY AND AS PARENT<br>AND NATURAL GUARDIAN OF<br>JESSE DIYANNI, A MINOR<br>1537 Brice Road<br>Reynoldsburg, OH 43068, | CASE NO. '06 CV 0074 |
| DIANE DIYANNI<br>INDIVIDUALLY AND AS PARENT<br>AND NATURAL GUARDIAN OF<br>JESSE DIYANNI, A MINOR<br>1537 Brice Road<br>Reynoldsburg, oH 43068, | JUDGE C. MARTIN<br>Chris A. Martin<br><br>JUDGE _____ |
| Plaintiffs,<br><br>vs. | COMPLAINT AND<br>JURY DEMAND |
| WALNUT TOWNSHIP<br>BOARD OF EDUCATION<br>~~11850 Lancaster Street~~<br>Millersport, OH 43046<br><br>and<br><br>WALNUT TOWNSHIP LOCAL<br>SCHOOL DISTRICT<br>11850 Lancaster Street<br>Millersport, OH 43046<br><br>and<br><br>JOHN DOES, NUMBER 1-10<br>Fictitiously named Defendants<br>(Service information to be provided later)<br><br>Defendants. | FILED<br>2006 JAN 20 PM 3:12<br>DEBORAH SMALLEY<br>CLERK OF COURTS<br>FAIRFIELD CO. OHIO |

Now come Plaintiffs Daniel Diyanni and Diane Diyanni, individually and as parents and natural guardians of Jesse Diyanni, and for their Complaint against Defendants state the following:

1. Upon information and belief, all Defendants named in this action are residents of Fairfield County, Ohio.

EXHIBIT A

2. At all relevant times mentioned herein, Jesse Diyanni was a student at Millersport High School, located in Walnut Township, Fairfield County, Ohio.

3. On December 14, 2005 Jesse Diyanni was attacked on school grounds during school hours by another student by the name of Shawn Nichols.

4. During all relevant times mentioned herein, Defendants were put on notice and given warnings about the Shawn Nichols' propensity for violence.

### FIRST CAUSE OF ACTION - WALNUT TOWNSHIP BOARD OF EDUCATION

### FIRST COUNT - NEGLIGENCE

5. Plaintiffs restate the allegations above as if same were fully rewritten.

6. Defendant, Walnut Township Board of Education ("School Board"), is a school board and a political subdivision as defined in Ohio R.C. § 2744.01(F) and is located in the County of Fairfield, State of Ohio, and is responsible for the operation and control of Millersport High School, in the county of Fairfield, State of Ohio.

7. At all times pertinent to this action, Defendant School Board was acting by and through its employees who were acting within the course and scope of their employment and in furtherance of their employer's business.

8. At all times pertinent to this action, after being notified of the threat of violence by Defendant Shawn Nichols on other students, Defendant, by and through its employees, permitted Defendant Shawn Nichols to be left unattended and unsupervised on school grounds during normal school hours.

9. At all times pertinent to this action, Defendant, by and through its employees, failed to supervise Shawn Nichols on school grounds during normal school hours thereby continuing to expose students at Millersport High School, including Plaintiff Jesse Diyanni, to a hazardous condition and an unreasonable risk of harm.

10. Defendant School Board was negligent in that its employees failed to exercise ordinary care in supervising Shawn Nichols after being put on notice of possible physical violence to be committed by Shawn Nichols.

11. Defendant School Board negligently failed to provide for the safety of the students at Millersport High School, including Plaintiff Jesse Diyanni, by failing to exercise ordinary care in supervising its students.

12. The negligent acts of Defendant School Board, which caused the injuries to Plaintiffs, constituted mere implementation or failure to implement steps designed to safeguard the health and well-being of the students at Millersport High School, and did not involve the exercise of judgment or discretion such that would afford immunity to Defendant School Board.

13. As a result of the negligence of Defendant School Board, Plaintiff Jesse Diyanni has been forced to suffer multiple personal injuries as well as various other injuries and damages including, but not limited to, severe emotional distress, mental trauma, and loss of the enjoyment of life.

14. Throughout his entire life, Plaintiff Jesse Diyanni has lived with his mother, Diane Diyanni, and his father, Daniel Diyanni.

15. As a direct and proximate result of Defendant's negligence, Plaintiffs Diane Diyanni Daniel Diyanni has been forced to suffer the loss of love, care, comfort, and consortium of their son, Jesse Diyanni.

16. Plaintiffs further states that at all relevant times mentioned herein said injuries to Plaintiffs were reasonably foreseeable to Defendants.

17. As a direct and proximate result of Defendant School Board's negligence, Plaintiffs have been damaged in an amount in excess of $25,000.00.

### SECOND COUNT - VIOLATIONS OF TITLE IX, 20 U.S.C. §1691, et seq.

18. Plaintiffs restate the allegations above as if same were fully rewritten.

19. Defendant had actual notice of the posed substantial risk of abuse to children in the school district by Shawn Nichols.

20. Defendant had the authority to institute corrective measures but failed to do so.

21. Defendant was deliberately indifferent to a substantial risk of abuse posed to the children of the school, including Plaintiff Jesse Diyanni, by Shawn Nichols.

22. Plaintiffs states that Plaintiff Jesse Diyanni suffered discrimination for purposes of Title IX that was so severe, pervasive, and objectively offensive that it deprived him of access to the educational opportunities and benefits provided by the school.

23. As a direct and proximate result of Defendant School Board's violations, Plaintiffs have been damaged in an amount in excess of $25,000.00.

### THIRD COUNT - VIOLATIONS OF 42 U.S.C. §1983

24. Plaintiffs restate the allegations above as if same were fully rewritten.

25. Plaintiff states that all times mentioned herein Defendants were acting under the color of state law.

26. Plaintiffs state that Plaintiffs were deprived their right to personal security and to bodily integrity as protected by the Constitution. That right embraces the right to be free from abuse as a student in a public school.

27. As a direct and proximate result of Defendant School Board's violations, Plaintiffs have been damaged in an amount in excess of $25,000.00.

### SECOND CAUSE OF ACTION - WALNUT TOWNSHIP LOCAL SCHOOL DISTRICT

### FIRST COUNT - NEGLIGENCE

28. Plaintiffs restate the allegations above as if same were fully rewritten.

29. Defendant, Walnut Township Local School District ("School District"), is a school district and a political subdivision as defined in Ohio R.C. § 2744.01(F) and is located in the County of Fairfield, State of Ohio, and is responsible for the operation and control of Millerpsort High School, in the county of Fairfield, State of Ohio.

30. At all times pertinent to this action, Defendant School District was acting by and through its employees who were acting within the course and scope of their employment and in furtherance of their employer's business.

31. At all times pertinent to this action, after being notified of the threat of violence by Defendant Shawn Nichols on other students, Defendant, by and through its employees, permitted Defendant Shawn Nichols to be left unattended and unsupervised on school grounds during normal school hours.

32. At all times pertinent to this action, Defendant, by and through its employees, failed to supervise Shawn Nichols on school grounds during normal school hours thereby continuing to expose students at Millersport High School, including Plaintiff Jesse Diyanni, to a hazardous condition and an unreasonable risk of harm.

33. Defendant School District was negligent in that its employees failed to exercise ordinary care in supervising Shawn Nichols after being put on notice of possible physical violence to be committed by Shawn Nichols.

34. Defendant School District negligently failed to provide for the safety of the students at Millersport High School, including Plaintiff Jesse Diyanni, by failing to exercise ordinary care in supervising its students.

35. The negligent acts of Defendant School District, which caused the injuries to Plaintiffs, constituted mere implementation or failure to implement steps designed to safeguard the health and well-being of the students at Millersport High School, and did not involve the exercise of judgment or discretion such that would afford immunity to Defendant School Board.

36. As a result of the negligence of Defendant School District, Plaintiff Jesse Diyanni has been forced to suffer multiple personal injuries as well as various other injuries and damages including, but not limited to, severe emotional distress, mental trauma, and loss of the enjoyment of life.

37. Throughout his entire life, Plaintiff Jesse Diyanni has lived with his mother, Diane Diyanni, and his father, Daniel Diyanni.

38. As a direct and proximate result of Defendant's negligence, Plaintiffs Diane Diyanni and Daniel Diyanni has been forced to suffer the loss of love, care, comfort, and consortium of their son, Jesse Diyanni.

39. Plaintiffs further states that at all relevant times mentioned herein said injuries to Plaintiffs were reasonably foreseeable to Defendants.

40. As a direct and proximate result of Defendant School District's negligence, Plaintiffs have been damaged in an amount in excess of $25,000.00.

### SECOND COUNT - VIOLATIONS OF TITLE IX, 20 U.S.C. §1691, et seq.

41. Plaintiffs restate the allegations above as if same were fully rewritten.

42. Defendant had actual notice of the posed substantial risk of abuse to children in the school by Shawn Nichols.

43. Defendant had the authority to institute corrective measures but failed to do so.

44. Defendant was deliberately indifferent to a substantial risk of the abuse posed to the children of the school district by Shawn Nichols.

45. Plaintiffs states that Plaintiff Jesse Diyanni suffered discrimination for purposes of Title IX that was so severe, pervasive, and objectively offensive that it deprived him of access to the educational opportunities and benefits provided by the school.

46. As a direct and proximate result of Defendant School District's violations, Plaintiffs have been damaged in an amount in excess of $25,000.00.

### THIRD COUNT - VIOLATIONS OF 42 U.S.C. §1983

47. Plaintiffs restate the allegations above as if same were fully rewritten.

48. Plaintiff states that all times mentioned herein Defendants were acting under the color of state law.

49. Plaintiffs state that Plaintiffs were deprived their right to personal security and to bodily integrity as protected by the Constitution. That right embraces the right to be free from abuse as a student in a public school.

50. As a direct and proximate result of Defendant School District's violations, Plaintiffs have been damaged in an amount in excess of $25,000.00.

### THIRD CAUSE OF ACTION - JOHN DOES NUMBER 1 AND 2

51. Plaintiffs restate the allegations above as if same were fully rewritten.

52. Defendants John Does Number 1 and 2 are the natural parents/legal guardians of Shawn Nichols and at all times mentioned herein.

53. Plaintiff Jessi Diyanni suffered great bodily harm and personal injuries as a result of Shawn Nichols' malicious assault on him.

54. Pursuant to Ohio Civil Rule Section 3109.10, Defendants are liable for the damages caused by the willful and malicious assault by Shawn Nichols on Jesse Diyanni.

### SIXTH CAUSE OF ACTION - JOHN DOE NOS. 3-10

55. Plaintiffs restate the allegations above as if same were fully rewritten.

56. At all times pertinent to this action, Defendants John Does 3-10 were employees of Defendants.

57. At all times pertinent to this action, Defendants John Does acted with a reckless disregard for the safety of the students attending Millersport High School, including Plaintiff Jesse Diyanni.

58. At all times pertinent to this action, Defendants John Does allowed Shawn Nichols to physically assault Jesse Diyanni.

59. At all times pertinent to this action, after being put on notice of Shawn Nichols threat of violence, Defendants John Does failed to supervise Shawn Nichols thereby continuing to expose students at Millersport High School, including Plaintiff Jesse Diyanni, to a hazardous condition and an unreasonable risk of harm.

60. As a direct and proximate result of Defendants John Does' reckless conduct, Plaintiff Jesse Diyanni was physically assaulted, and was forced to suffer various injuries and damages including, but not limited to, severe emotional distress, mental trauma, and loss of the enjoyment of life.

61. Throughout his entire life, Plaintiff Jesse Diyanni has lived with his mother, Diane Diyanni and his father, Daniel Diyanni.

62. As a direct and proximate result of Defendants John Does' conduct, Plaintiffs, Diane Diyanni and Daniel Diyanni have been forced to suffer the loss of love, care, comfort, and consortium of their son, Jesse Diyanni.

63. Plaintiffs further states that at all relevant times mentioned herein said injuries to Plaintiffs were reasonably foreseeable to Defendants.

64. As a direct and proximate result of Defendants John Does' reckless conduct, Plaintiffs have been damaged in an amount in excess of $25,000.00.

WHEREFORE, Plaintiffs demand the following:

(a) Judgment against Defendants, jointly and severally, for compensatory damages in an amount an excess of $25,000.00 to be determined at trial;

(b) Judgment against Defendants, jointly and severally, for punitive damages in an amount an excess of $25,00.00 to be determined at trial;

(c) For pre-judgment and post-judgment interest;

(d) For reasonable attorneys fees and court costs associated with bringing this action; and

(e) For such further relief as the Court deems just and proper.

Aaron R. Conrad (0075471)
Dagger, Johnston, Miller,
Ogilvie & Hampson
144 E. Main Street
P.O. Box 667
Lancaster, Ohio 43130
(740) 653-6464
Attorney for Plaintiff
arconrad@daggerlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of eight (8) on all issues contained in this Complaint.

Aaron R. Conrad (0075471)
Attorney for Plaintiffs

## Court of Common Pleas, Fairfield County, Lancaster, Ohio
### SUMMONS
Rule 4 1970 Ohio Rules of Civil Procedure
Case No. 2006 CV 00074

| | |
|---|---|
| **DANIEL DIYANNI, INDIVIDUALLY AND AS PARENT AND NATURAL GU** | **1537 BRICE ROAD** |
| | **REYNOLDSBURG OH 43068** |
| Plaintiff | |
| vs. | |
| **WALNUT TOWNSHIP BOARD OF EDUCATION** | **11850 LANCASTER STREET** |
| | **MILLERSPORT OH 43046** |
| Defendant | |

To the above named defendant ___ :

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff ___ named herein.

You are required to serve upon the plaintiff_attorney, or upon the plaintiff_if _he_ ha__no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three days after service on Plaintiff's attorney is as follows:

**AARON R CONRAD**
**144 EAST MAIN STREET P O BOX 667**
**LANCASTER OH 43130**

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Deborah Smalley, Clerk

By _____

JAN-30-2006 16:02 FROM: 01/30/2006 12:53 7404673494 WALNUT TWP SCHOOLS PAGE 03/11

Received this writ on the ____ day of _____, 20___, at _____ o'clock ___ M., and on the ___ day of _____ 20___, I served the same on the within named by

_____

_____

### RETURN OF SERVICE OF SUMMON (PERSONAL)

| Fees | I received this summons _____ 20 ___, at ___ o'clock |
|---|---|
| Service $_____ | ___.M. And made personal service of it upon _____ |
| Mileage _____ | By locating him-them and tendering a copy of summons and |
| Total $_____ | accompanying documents, on _____ 20___. |
| Date: _____ | |

_____
Sheriff, Bailiff, Process Server
By _____
Deputy

### RETURN OF SERVICE OF SUMMONS (RESIDENCE)

| Fees | I received this summons on _____ 20___, at ___ o'clock |
|---|---|
| Service $_____ | ___.M. and made residence service of it upon the defendant(s) |
| Mileage _____ | _____ |
| Total $_____ | By leaving, at his-their usual place of residence with |
| Date: _____ | |

A person of suitable age and discretion then residing therein, a copy of the summons, a copy of the complaint and and accompanying documents, on _____.

_____
Sheriff, Bailiff, Process Server
By _____
Deputy

### RETURN OF SERVICE OF SUMMON (FAILURE TO SERVICE)

I received this summons on _____ 20___, at ___ o'clock ___.m. with instructions to make personal-residence upon the defendant (s) _____

And I was unable to serve a copy of the summons upon _____ for the following reason: _____

_____
Sheriff, Bailiff, Process Server
By _____
Deputy