IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Daniel and Diane DiYanni, | : | |
| Individually and as Parent | | |
| and Natural Guardian of | : | |
| Jesse DiYanni, a minor, | | |
| | : | |
| Plaintiffs, | | |
| | : | |
| v. | | Case No. 2:06-cv-0151 |
| | : | |
| Walnut Township Board of | | JUDGE SARGUS |
| Education, et al., | : | |
| | | |
| Defendants. | : | |

<u>ORDER</u>

This action involving the assault of one student of the
Walnut Township Local School District by another student was
removed to this Court on February 27, 2006 based upon several
federal causes of action alleged in the complaint.  Defendants
answered the complaint the next day and the case thereafter
proceeded to a preliminary pretrial conference at which various
deadlines were established.  After the preliminary pretrial order
was entered and the Court set the case for trial on June 18,
2007, defendants filed a motion for judgment on the pleadings.
Several weeks after that motion was filed, they filed a motion to
stay discovery pending the Court's decision on the motion for
judgment on the pleadings.  Plaintiffs have now responded to the
motion for judgment on the pleadings and moved to compel
discovery, a motion which has been opposed by the defendants.
For the following reasons, the motion for a stay will be denied
and the parties will be directed to engage in discovery which
will moot the need for the Court to rule on the motion to compel.

The complaint in this case sets forth causes of action based on 42 U.S.C. §1983, Title IX, and state law.  Plaintiffs have apparently conceded that they do not have a viable Title IX claim, but argued both that they have adequately alleged state action for purposes of their §1983 claim and that the defendants are not immune from suit under state law because no discretionary function is alleged in the complaint.  These issues will ultimately be resolved by the District Judge.

The motion to stay discovery is premised simply upon the filing of the motion for judgment on the pleadings.  Defendants argue that if the Court were to grant the motion, the case would be dismissed and no discovery would occur.  If discovery is not stayed, they argue that they will be subjected to certain expenses incurred in taking approximately six depositions and in work relating to expert witnesses.

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court.  Chrysler Corp. v. Fedders Corp.. 643 F.2d 1229 (6th Cir. 1981).  In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.  Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery.  Marrese v.American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery.  Id.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).  As one court has observed,

2

The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990). See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery...."). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

Although the defendants in this case are not premising their motion to stay on the pendency of a Rule 12(b)(6) motion, their Rule 12(c) motion is the functional equivalent of the 12(b)(6) motion.  The above discussion is therefore fully applicable to

3

the issue of whether the Court should grant a stay here.

As described above, the motion for judgment on the pleadings does not raise any issues of immunity from suit, nor does it present the type of narrow legal issue (such as the running of the statute of limitations) which is easily evaluated in order to determine whether the motion to dismiss has merit.  Without commenting on the merits of the defendants' motion for judgment on the pleadings, the Court notes that legal arguments have been presented both with respect to the viability of the §1983 claim and the state law negligence claim and the Court is not in a position to determine that it is a virtual certainty that the motion will be granted.  No other reasons have been advanced to stay discovery.  Consequently, as a sound exercise of the Court's discretion, the Court will deny the motion to stay.

The subject of the motion to compel is written discovery which was propounded to the defendants.  The defendants' only reason for not supplying that discovery is the pendency of their motion to stay.  Since that motion will be denied, there should be no impediment to their response to the outstanding written discovery, and they should provide responses within 20 days.

The Court notes that, as a result of the proceedings involving the motion to stay and the motion to compel, the parties have apparently lost a significant portion of the discovery period already.  Consequently, the Court will extend the discovery cutoff date in this case to December 31, 2006, and the motions filing date to January 31, 2007.  In light of the trial date, no further extensions of these dates will be available.  The parties shall proceed with discovery but may elect to defer any discovery involving extraordinary costs until late in the discovery period in order to be able to take advantage of a ruling on the motion for judgment on the pleadings should such a ruling be made prior to the close of discovery.

4

The Court will also be receptive to a proposal which defers discovery on the issue of damages until after the current close of discovery so long as such discovery is not used as a basis for requesting a continuance either of the summary judgment motion filing date or the trial date.

Based upon the foregoing, defendants' motion for a stay of discovery (#14) is denied. The motion to compel (#17) is moot. Defendants shall respond to the outstanding written discovery within 20 days of the date of this order. The discovery cutoff date is extended to December 31, 2006, and the summary judgment motion filing date is extended to January 31, 2007.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge